SAMUEL D. GERRISH and GABRIELLE GERRISH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gerrish v. Commissioner
Docket No. 505-82.
United States Tax Court
T.C. Memo 1983-720; 1983 Tax Ct. Memo LEXIS 72; 47 T.C.M. (CCH) 503; T.C.M. (RIA) 83720; December 1, 1983. Gary D. Berg, for the petitioners. James Gehres, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined a deficiency of $4,315.31 in petitioners' 1978 Federal income tax. The only issue is whether in 1978 petitioners resided in a "hardship area" so as to entitle them to an exclusion from gross income under section 911. [1]
The facts have been fully stipulated and are so found. Petitioners, Samuel D. Gerrish and Gabrielle Gerrish, resided in Boulder, Colo., when *73 they filed their petition herein. For 323 days in 1978 petitioners resided in a government compound located in Woomera, South Australia (herein the Woomera location), where petitioner Samuel D. Gerrish (petitioner) was employed as a physicist by Aerojet Electro Systems (Aerojet) in connection with a United States government defense contract. During the taxalbe year in issue, section 911 provided exclusions from gross income for individuals who, because of their employment, resided in a "camp located in a hardship area." For purposes of section 911, the term "hardship area" was defined in section 913(h)(2) as any foreign place designated by the Secretary of State as a hardship post where extraordinarily difficult living conditions, notably unhealthful conditions, or excessive physicial hardships exist and for which a post differential of 15 percent or more -- (A) is provided under section 5925 of title 5, United States Code, or (B) would be so provided if officers and employees of the Government of the United States were present at that place. [Emphasis added.] See sec. 911(c)(1)(C). Based on the fact that they lived at the Woomera location in 1978, on their 1978 *74 return petitioners claimed an exclusion from gross income of $17,698 under section 911. In his notice of deficiency, respondent disallowed this exclusion. The only issue herein is whether in 1978 petitioners resided in a "hardship area" within the meaning of sections 911(c)(1)(C) and 913(h)(2). [2] Resolution of this issue depends solely on whether the Woomera location is or would be provided a "post differential of 15 percent or more" as required in section 913(h)(2). In 1979 a representative of the Secretary of State notified Aerojet by letter that "the Woomeral location qualifies for a differential at the tenpercent level only," not at the 15 percent level required under section 913(h)(2). [3] On this basis, respondent contends that the Woomera location is not a "hardship area" and thus petitioners are not entitled to an exclusion from gross income under section 911. Petitioners contend, on the other hand, that the Woomera location qualifies as a "hardship area" because under section 405 of title 37, United States Code, a military *75 officer stationed in Woomera in 1978 could receive, according to petitioners, "a 15.2 percent post differential in the form of a cost-of-living allowance." For the following reasons, we agree with respondent. There is simply no connection between a cost-of-living allowance provided military officers under section 405 of title 37, United States Code, and the 15 percent post differential requirement of section 913(h)(2). The language of section 913(h)(2) clearly and unequivocably provides that a location will not qualify as a "hardship area" unless, pursuant to section 5925 of title 5, United States Code, it is or would be provided a post differential of 15 percent or more by the Secretary of State. [4] The cost-of-living allowance a military officer receives under section 405 of title 37, United States Code, is totally irrelevant to this inquiry. There is nothing in the regulations *76 or the legislative history of sections 911 and 913(h)(2) which suggests a different conclusion. See secs. 1.913-3(e) and 1.911-1(d), Income Tax Regs. H. Rept. No. 95-1798, 1978-2 C.B. 432, 433. Accordingly, since the Secretary of State determined that the Woomera location qualifies for a post differential of only ten percent, it does not qualify as a "hardship area" under section 913(h)(2). Thus, petitioners are not entitled to any exclusion from gross income under section 911. To reflect the foregoing, Decision will be entered for respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year at issue.↩
2. Respondent does not contest whether petitioners resided in a "camp" within the meaning of sec. 911. See sec. 911(c)(1)(B).↩
3. This determination that the Woomera location qualified for a post differential of only ten percent was made in response to a "Post Differential Questionnaire" which Aerojet submitted to the Deparmment of State on behalf of its employees who resided at the Woomera location, including petitioner.↩
4. The authority to grant "post differentials" under sec. 5925 of title 5, United States Code, has been empowered to the Secretary of State. Executive Order No. 10903, 3 CFR, 1959-1963↩ Comp., p. 433.